IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA FARNWORTH,
Guardian ad Litem for N.T.,

     Plaintiff,                   No. 2:12-cv-1029 CKD

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.               <u>ORDER</u>

_____/

        Plaintiff[1] seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Child's Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

/////

/////

---

[1] In this case, the application for social security benefits was filed on behalf of a minor child. This action has been brought by the child's mother, proceeding as guardian ad litem. The minor child is referenced herein as "plaintiff."

1

BACKGROUND

Plaintiff was born on November 24, 1999. Administrative Transcript ("AT") 105. Plaintiff alleged disability due to brain injury and hypoxia. AT 123. At the time of the disability hearing on May 26, 2010, plaintiff was in fourth grade. AT 44. In a decision dated August 20, 2010, the ALJ determined plaintiff was not disabled.[2] AT 14-25. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant was born on November 24, 1999. Therefore he was a school-age child on June 14, 2007, the date application was filed, and is currently a school-age child.
>
> 2. The claimant has not engaged in substantial gainful activity since June 14, 2007, the application date.
>
> 3. He has the following severe impairments: attention deficit hyperactivity disorder and a speech/language delay.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. The claimant does not have an impairment or combination of impairments that functionally equals the listings.

---

[2] Child's Supplemental Security Income ("SSI") is paid to disabled persons under the age of eighteen. A child is considered disabled if the child has medically determinable physical or mental impairments that result in marked and severe functional limitations. 42 U.S.C. § 1382c(a)(3)(C)(I). A three step sequential evaluation is utilized in determining eligibility for Child's SSI. The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment, i.e., causes more than minimal functional limitations? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet, medically equal, or functionally equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If not, he is not disabled.

20 C.F.R. § 416.924(a)-(d).

2

> 6. The claimant has not been disabled, as defined in the Social Security Act, since June 14, 2007, the date the application was filed.

AT 17-24. With respect to functional equivalence,[3] the ALJ found that plaintiff has a marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, no limitation in the ability to care for himself, and a less than marked limitation in health and physical well-being. Id.

ISSUES PRESENTED

Plaintiff argues that the ALJ erroneously found plaintiff did not functionally equal the listings and in so doing, improperly rejected treating physician Dr. Miranda's opinion and erred in evaluating lay witness statements.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a

---

[3] In determining whether a child's impairments functionally equal the listings, the ALJ must consider how a child functions in six domains:

(1) Acquiring and using information;
(2) Attending and completing tasks;
(3) Interacting and relating with others;
(4) Moving about and manipulating objects;
(5) Caring for yourself; and
(6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairments functionally equal the listings. 20 C.F.R. § 416.926a(d).

preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff contends the ALJ erroneously found that plaintiff's impairments do not functionally equal a childhood listing.[4] The ALJ found that plaintiff has a marked limitation in acquiring and using information. AT 20. To functionally equal a listing, plaintiff must have an additional marked limitation in one of the remaining five domains. Plaintiff asserts that the ALJ improperly rejected the opinion of treating physician Dr. Miranda, who assessed a marked limitation in health and well being. AT 467.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821,

---

[4] Part A of 20 C.F.R. Part 404, Subpart P, Appendix 1 applies to children under the age of 18 where criteria are appropriate. Part B provides additional criteria for evaluating impairments of children under the age of 18 where the criteria in Part A do not give appropriate consideration to the particular disease process in childhood.

1  830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional,
2  who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v.
3  Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).
4          To evaluate whether an ALJ properly rejected a medical opinion, in addition to
5  considering its source, the court considers whether (1) contradictory opinions are in the record,
6  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a
7  treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81
8  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be
9  rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at
10  830.  While a treating professional's opinion generally is accorded superior weight, if it is
11  contradicted by a supported examining professional's opinion (e.g., supported by different
12  independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d
13  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In
14  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
15  findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,
16  minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a
17  non-examining professional, without other evidence, is insufficient to reject the opinion of a
18  treating or examining professional.  Lester, 81 F.3d at 831.
19          In a functional assessment for children, dated April 8, 2010, plaintiff's treating
20  neurologist Dr. Miranda opined that plaintiff had a marked limitation in the domain of health and
21  physical well-being.  AT 468.  In contrast to the findings in the other five functional domains, Dr.
22  Miranda offered no comments or clinical support for this finding.  AT 466-468.  The ALJ found
23  this opinion not persuasive.  AT 19.  The ALJ instead credited the opinions of the state agency
24  physicians and consultative examiners.  AT 18.  After review of plaintiff's medical records, the
25  state agency physicians found plaintiff had either no limitation or less than marked limitation in
26  the domain of health and physical well-being.  AT 383, 453.  Consultative examiner Dr. Phillips

5

noted that on neurological examination, there were no major neurological hard findings. AT 372-373. Plaintiff on exam had intact muscle, bulk, tone, strength, reflexes, coordination and cranial nerves. Id. Examining Speech and Language Pathologist Paula Kokal, M.A., C.C.C., found no vocal pathologies or difficulties with fluency. AT 377-378.

As correctly noted by the ALJ, plaintiff had abnormal EEG findings but was otherwise an overall healthy individual. AT 24, 383-384 (state agency physician noted plaintiff had normal pediatric brain MRI and some truncal weakness and bilateral hand weakness), 114 (mother reported no physical limitations), 142 (mother reported plaintiff played baseball and soccer). There is no evidence in the record of generalized symptoms such as weakness or dizziness, psychomotor retardation, somatic complaints, limitations in physical functioning because of the need for frequent treatment for therapy, periodic exacerbations from an impairment interfering with physical functioning or medical fragility requiring intensive medical care. See 20 C.F.R. § 416.926a. On this record, the ALJ appropriately rejected the opinion of the treating neurologist that plaintiff had a marked limitation in the domain of health and physical well-being.

Plaintiff also asserts the evidence establishes he has a marked limitation in tending and completing tasks. Plaintiff contends the ALJ improperly evaluated the lay witness evidence in concluding that he had a less than marked limitation in this domain.

"[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919.

/////

6

With respect to the domain of tending and completing tasks, the ALJ noted the reports of plaintiff's teachers that he had problems in the ability to concentrate on school work and staying seated and still. AT 21, 175-176, 184-185. The ALJ discounted these observations, however, in assessing this domain because plaintiff's report cards from 2009-2010 showed that the majority of grades fell into the A, B, or C range, plaintiff's reading grade had improved in the fourth quarter to a C minus and plaintiff received excellent marks for promptness, work habits, dependability, homework and obedience. AT 21, 193-197. The ALJ also discounted the mother's testimony of a disabling mental condition, noting that the mother herself testified that plaintiff's condition had improved with medication and that this observation was also supported by plaintiff's teachers. AT 18, 41-42 (mother testified that with medication, there was major improvement in ability to focus), 142 (disability report of mother indicated medication "works well, helping to focus [plaintiff] on the task at hand"), 190 (teacher observed improved attention with medication), 182 (teacher observed change in plaintiff from first grade was "remarkable" but still had difficult time sitting down). The ALJ set forth proper reasons for discounting the evidence of the lay witnesses and the ALJ's conclusion that plaintiff has a less than marked limitation in tending and completing tasks is also supported by the findings of the state agency physicians. AT 383, 452. There was no error in the ALJ's assessment of functional equivalence.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (dkt. no. 15) is denied;

2. The Commissioner's cross-motion for summary judgment (dkt. no. 16) is granted; and

////

////

////

////

3. Judgment is entered for the Commissioner.

Dated: February 4, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 farnworth.ss